# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT BETHUNE, JR., <br> Appellant, | DOCKET NUMBER <br> PH-0752-13-0109-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, <br> Agency. | DATE: January 22, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steve Newman, Esquire, New York, New York, for the appellant.

Lori L. Markle, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his removal for improper conduct. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant began working for the agency in 1994. *See* Initial Appeal File (IAF), Tab 7 at 200. In March 2010, he was detailed to a Manager of Operations Programs Support (MOPS) position, at an office approximately 127 miles from his home. IAF, Tab 5 at 57-58. That detail became permanent at the end of July 2011. IAF, Tab 7 at 200. Throughout his time as the MOPS, the appellant routinely used an agency vehicle to commute the 127 miles, each way, to and from work. *E.g*., IAF, Tab 5 at 58, Tab 7 at 192. He also used an agency vehicle on one occasion to drive approximately 2 hours and 45 minutes, each way, to visit his daughter. IAF, Tab 7 at 194. For all of this personal use of an agency vehicle, the appellant used an agency credit card to purchase gas. *Id*. at 193-94. In addition, between August 2010 and April 2012, the appellant reportedly exhibited harassing behavior towards a coworker.[2] *See id*. at 40-41.

---

[2] Although the coworker at issue was not in the appellant's chain of command, she was a lower-level employee than he. *Compare* IAF, Tab 7 at 200 (reflecting that the appellant held a position at an EAS-24 level), *with id.* at 40-41 (reflecting that the coworker held a position at an EAS-21 level that was not in the appellant's chain of command).

¶3        In April 2012, the agency placed the appellant in an emergency off-duty status to investigate his conduct. IAF, Tab 13, Subtab 19. In June 2012, the agency proposed his removal for improper conduct. IAF, Tab 7 at 39-42. In November 2012, the agency effectuated his removal. IAF, Tab 5 at 17-21 (decision letter). The improper conduct charge consisted of four specifications: (1) improper use of an agency vehicle for the daily commute to and from work between August 2011 and March 2012; (2) improper use of an agency credit card for gas used to commute to and from work between August 2011 and March 2012; (3) improper use of an agency vehicle to visit his daughter in March 2012; and (4) harassing behavior towards an agency employee between August 2010 and April 2012. IAF, Tab 7 at 39-41.

¶4        The appellant appealed his removal to the Board. IAF, Tab 1. After holding the requested hearing, the administrative judge affirmed his removal. IAF, Tab 31, Initial Decision (ID). The judge found that the agency proved each of the four specifications of improper conduct, ID at 3-11, and that while the agency failed to properly consider his lack of prior discipline in its penalty determination, removal remained appropriate, ID at 12-16. The appellant has filed a petition for review.[3] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

The appellant failed to prove that the agency engaged in harmful error or deprived him of due process.

¶5        As he did below, the appellant argues that his removal was defective because the agency purportedly failed to conduct a requisite pre-disciplinary interview (PDI) regarding his harassment of a coworker. PFR File, Tab 1 at 8-10 (referencing the agency's Employee and Labor Relations Manual (ELM), sections 650-652); *see* IAF, Tab 26 at 19; ID at 11 n.5. He asserts that his version of

---

[3] In his petition, the appellant does not dispute the administrative judge's conclusion that the agency proved its charge and established the requisite nexus. We see no reason to disturb those well-reasoned findings on review. *See* ID at 3-11, 17.

events "was not documented prior to the [a]gency's issuance of its notice of proposed removal."[4]  *Id*. at 10.  The appellant suggests that this amounts to harmful procedural error and a deprivation of minimum due process.  *Id*. at 8-10. We disagree.

¶6       It is well-established that, before imposing an appealable adverse action, the constitutional right to minimum due process requires that an agency provide an employee prior notice of charges, an explanation of its evidence, and an opportunity to respond.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680-81 (1991) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (holding that a public employee who can be discharged only for cause has these pretermination rights)).  Here, the agency afforded the appellant those protections by notifying him of the proposed removal on June 1, 2012, providing him with ample time to review the materials relied upon in support of the proposal, and providing him with the opportunity to respond both in person and in writing before making a decision on the proposal.  *E.g.*, IAF, Tab 7 at 39-42 (proposal letter); *see* IAF, Tab 6 at 36-203 (the appellant's response to the proposed removal), Tab 7 at 3-33 (continuation of the appellant's response to the proposed removal).  To the extent that the appellant suggests that the agency's policy of providing a PDI is another constitutional due process requirement, he is mistaken.  *See Miller v. U.S. Postal Service*, 110 M.S.P.R. 550, ¶ 6 (2009) (the agency did not violate the appellant's due process rights by not providing him with a PDI prior to proposing his removal).

¶7       Where an agency meets the minimum requirements of due process, the Board may still reverse an adverse action based upon harmful error for a failure to comply with statutory, regulatory, or agency procedures, if the error likely had

---

[4] The agency did conduct an interview with the appellant regarding the harassment allegations on March 29, 2012, prior to the notice of proposed removal.  *See* IAF, Tab 7 at 176-90.  However, the record is somewhat unclear as to whether this interview constituted a PDI.

a harmful effect upon the outcome of the case before the agency. *Stephen*, 47 M.S.P.R. at 681, 685. However, the burden of showing harmful error lies with the appellant and cannot be presumed. *Id*.; *see* 5 U.S.C. § 7701(c)(2)(A); 5 C.F.R. § 1201.56(b)(1), (c)(3). In order to show harmful error, an appellant must prove that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen*, 47 M.S.P.R. at 685.

¶8        Here, even if the agency had a policy of providing a PDI and failed to provide that PDI to the appellant, he has presented no argument or evidence that the procedural error was harmful. *See generally Miller*, 110 M.S.P.R. 550, ¶ 6 (the agency did not commit harmful error by not providing the appellant with a PDI prior to proposing his removal). He was able to respond to the charge after the proposed removal, but before its effectuation, and he has presented nothing to demonstrate that the outcome was likely to have been different if he had also been given the PDI he claims was lacking. Accordingly, even if the agency deprived the appellant of the right to respond to the allegations in a PDI, prior to the issuance of the notice of proposed removal, this was neither a due process violation, nor a harmful error.

The appellant failed to establish any error in the administrative judge's penalty determination.

¶9        The appellant argues that the penalty of removal is beyond the bounds of reasonableness. *See* PFR File, Tab 1 at 4-8. His argument is primarily based upon the assertion that specification 4 should not have been considered in establishing the appropriate penalty. However, as discussed in the next section, we will not consider that argument. To the extent that the appellant otherwise suggests removal is beyond the bounds of reasonableness, we disagree.

¶10       The administrative judge determined that the agency failed to consider properly all the relevant factors in reaching its decision as to the appropriate penalty. ID at 13. Specifically, she found that the deciding official should have

considered that the appellant had no disciplinary record but instead determined that the appellant simply had not been caught doing previously anything improper. ID at 13. Therefore, she noted that the agency's penalty was not entitled to deference. ID at 13 (citing *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013)).

¶11 After determining that the agency's penalty determination was not entitled to deference, the administrative judge weighed the relevant *Douglas* factors. ID at 14-16; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (discussing a number of factors relevant to a penalty determination). Included in her analysis, the administrative judge considered the appellant's lack of prior discipline, his good work record, his high regard from supervisors, and the fact that the conduct cited in specification 3 was condoned by his supervisor. *See* ID at 15. However, the administrative judge also found the appellant's misconduct very serious; he knew the relevant agency rules well, having disciplined his own subordinates for similar misconduct, and he did not exhibit a great deal of remorse. ID at 14-16. In addition, she found that he was held to a higher standard because he was a supervisor. ID at 14 (citing *Portner*, 119 M.S.P.R. 365, ¶ 16). On balance, the administrative judge concluded that removal was within the bounds of reasonableness. ID at 16.

¶12 The appellant's petition does not challenge the administrative judge's weighing of the mitigating factors. PFR, Tab 1 at 4-5. Because the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility, we discern no reason to disturb her penalty determination on review. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

The Board will not consider the appellant's argument raised for the first time on review.

¶13 The appellant argues that he was put on "emergency placement" for 14 days between April and May 2012 and that this constituted a disciplinary suspension

imposed for the same misconduct described in specification 4 of his November 2012 removal.[5]  PFR File, Tab 1 at 1-2; *see* IAF, Tab 13, Subtab 19 (emergency placement notification).  Therefore, he asserts that he is being disciplined twice for the same misconduct.  PFR File, Tab 1 at 1-5.  For that reason, the appellant argues that the administrative judge erred in sustaining specification 4 and considering it in the penalty analysis.  *Id*. at 1-8.

¶14      Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  Here, the appellant did not argue below that he was improperly disciplined more than once for the same misconduct.  *Compare* PFR File, Tab 1 at 1-8 (the appellant's argument on review), *with* IAF, Tabs 1, 15, 26 (the appellant's arguments below), *and* IAF, Tab 16 at 1 (the administrative judge's prehearing summary of the issues in dispute).  He also failed to show that the argument is based on evidence that was previously unavailable.  *See* PFR File, Tab 1 at 1-8.  Accordingly, we will not consider the argument for the first time on review.[6]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

---

[5] Although the appellant argues that his emergency placement was based on the harassment described in specification 4, *see* PFR File, Tab 1 at 2, the agency's notification letter advising him of that placement cites "investigation for allegations of improper conduct and misuse of a government passenger vehicle" as the reason, IAF, Tab 13, Subtab 19.

[6] Although generally we would not consider the appellant's argument because of its untimeliness, we also note that his argument improperly relied upon an initial Board decision for support.  *See* PFR File, Tab 1 at 3-4.  Initial decisions are not precedential. *See* 5 C.F.R. § 1201.113.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.